RECORD IMPOUNDED

 NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1902-15T2

M.B.,

 Appellant,

v.

NEW JERSEY DEPARTMENT OF
CHILDREN AND FAMILIES,

 Respondent.
_______________________________

 Submitted June 19, 2017 – Decided July 10, 2017

 Before Judges Fisher and Fasciale.

 On appeal from New Jersey Department of
 Children and Families.

 Maxwell Brothers, appellant pro se.

 Christopher S. Porrino, Attorney General,
 attorney for respondent (Andrea M. Silkowitz,
 Assistant Attorney General, of counsel; Joann
 M. Corsetto, Deputy Attorney General, on the
 brief.)

PER CURIAM

 M.B., the father of a child born in 2004, appeals from an

October 22, 2015 final agency decision by the New Jersey Division

of Child Protection and Permanency (Division) determining,
pursuant to N.J.A.C. 10:129-7.3(c)(3), that an allegation of

neglect had not been established. Such a determination allows the

Division to maintain a record of its investigation should future

interventions become necessary. M.B. requests that we modify the

results of the investigation by concluding that the allegations

of neglect are unfounded.

 On appeal, M.B. argues the following points:

 [Point I]

 Facts do not support the finding of "not
 established." A finding of "unfounded" is
 supported by the facts. The agency has not
 found ANY facts of the nature of those listed
 in [N.J.S.A.] 9:6-21, definitions of child
 abuse and neglect. Agency has acted
 unreasonably and arbitrarily.

 [Point II]

 Agency acted arbitrarily, capriciously and
 unreasonably in relying on the interview of
 an impaired child whose testimony had
 additionally been prejudiced and colored by
 allegers of the neglect. The fact findings
 are not credible and the agency acted
 unreasonably and capriciously in its fact
 finding[s].

 [Point III]

 Agency policies and procedures are arbitrary,
 capricious and unreasonable in denying the in-
 agency appeal of a "not established" finding.

 2 A-1902-15T2
 After careful consideration of the record, we are satisfied

that M.B.'s arguments lack sufficient merit to warrant discussion

in this opinion. R. 2:11-3(e)(1)(E).

 Affirmed.

 3 A-1902-15T2